106 F.3d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Noelia Guadalupe CHAVEZ-ARMENTA, Defendant-Appellant.
 No. 96-50278.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Noelia Guadalupe Chavez-Armenta appeals her fourteen-month sentence imposed following her guilty plea to two counts of harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). Chavez-Armenta contends that the district court erred by concluding that she was not entitled to a minor role reduction under U.S.S.G. § 3B1.2(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for clear error a district court's determination that a defendant was not a minor participant. United States v. Benitez, 34 F.3d 1489, 1497 (9th Cir.1994). The defendant has the burden of proving that he is entitled to a minor role reduction by a preponderance of the evidence. United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994). A defendant is entitled to a two-level reduction as a minor participant if he is substantially less culpable than his co-participants. Benitez, 34 F.3d at 1498; see also United States v. Pinkney, 15 F.3d 825, 828 (9th Cir.1994); U.S.S.G. § 3B1.2, comment. (n. 3) (describing minor participant as one who is less culpable than most other participants but more culpable than minimal participant).
 
 
 4
 Here, Chavez-Armenta contends that she was entitled to a minor role reduction because she played only a simple role in a larger alien smuggling operation. The district court rejected this argument finding that, by providing a place to hide the recently smuggled aliens, Chavez-Armenta played a significant and necessary role in the operation. This finding is not clearly erroneous. See Benitez, 34 F.3d at 1489. Chavez-Armenta failed to meet her burden of showing by a preponderance of the evidence, that the other participants who transported the aliens, provided false documents to the aliens, or arranged their transportation were more culpable. See Davis, 36 F.3d at 1436.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3